LOCAL HOLDING CORP., Landlord, *v.* LOTTIE WILLIAMSON, Tenant.

City Court of New Rochelle, November 9, 1951.

*Daniel W. Boddie* for tenant.

*Samuel Schain* for landlord.

FASSO, J. This proceeding presents the interesting question at what point the court may compel a landlord, in a summary proceeding, based upon nonpayment of rent, to accept rent from the tenant.

In this proceeding a final order was issued upon default of the tenant, and a warrant of eviction was then issued to the marshal for execution. While the marshal was in the process of execution of the warrant, the tenant obtained a stay by order to show cause and tendered payment of the rent due.

The New Rochelle City Court Act (L. 1931, ch. 499, as amd.) provides in subdivision 8 of section 14 that the court has jurisdiction: " In an action or a summary proceeding, to direct or set aside a verdict, vacate, amend or modify a judgment or final order rendered or made on consent, confession, inquest or trial; grant a new trial; open a default; or, in a proper case, grant a new trial on the ground of fraud or newly discovered evidence."

The Civil Practice Act in section 1447 provides: " *Stay and vacation of warrant issued upon default.* Whenever the court in which the proceedings are brought has jurisdiction to vacate a final order rendered upon the default of the tenant, the court, or a judge or justice thereof, pending a motion to vacate a final order rendered upon the default of the tenant, may stay the execution of the warrant which was issued upon such default and, upon the vacation of such final order, shall vacate and set aside such warrant."

By virtue of the City Court Act, the court has the power to open a default and to vacate a final order in a summary proceeding. Under section 1447 of the Civil Practice Act, any court that has the power to vacate a final order, may stay the execution of a warrant and vacate and set aside the warrant. There is no limitation in section 1447 of the Civil Practice Act as to the time when the court may act. Moreover, a warrant of eviction is a process issued by the court over which the court has supervision and control until there has been full and final execution of the same and the proceeding thus brought to a conclusion.

In view of the foregoing, the final order heretofore issued is vacated and set aside, and the case is set down for November 14, 1951, for such further proceedings as may be required.